UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN SQ. WHITE,

    Plaintiff,

v.                                                Case No. 07-12531

CYNTHIA McGRAW, DENNIS SERGENT,      HONORABLE AVERN COHN
KATHERINE CORRIGAN, MILLICENT
WARREN, DEPUTY RILEY,

    Defendants.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATION
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND
DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff is pro se and proceeding in forma pauperis (IFP). Plaintiff filed a complaint naming Cynthia McGraw, Dennis Sergent, Katherine Corrigan, Millicent Warren, and Deputy Riley as defendants. Plaintiff makes claims for retaliation and equal protection violations under 42 U.S.C. § 1983, conspiracy in violation of 42 U.S.C. § 1986, and supervisory claims under 28 U.S.C. § 1986. Plaintiff's claims stem from being denied participation in the legal writer program and being transferred to another facility. Plaintiff says this was done in retaliation for exercising his right to file grievances and because of his race.

1

The matter was referred to a magistrate judge for all pre-trial proceedings and before whom defendants filed a motion for summary judgment. On February 5, 2009, the magistrate judge, in a thorough-going analysis of plaintiff's claims, issued a report and recommendation (MJRR) recommending that defendants' motion be granted. Before the Court are plaintiff's objections to the MJRR, to which defendants have responded.

II.

A.

As an initial matter, plaintiff is a prolific litigator. In addition to the instant case, he has filed the following prisoner civil rights cases, all of which are now closed.

1. Allan White-Bey v. McMeekin, Case No. 97-71115 (E.D. Mich), and Case No. 97-00255 (W.D. Mich).

2. White-Bey v. Griggs, Case No. 99-75128 (E.D. Mich.)

3. Allen White-Bey v. Phillips, Case No. 99-76265 (E.D. Mich)

4. Allan White v. Phillips, Case No. 02-71616 (E.D. Mich)

5. Allan White v. Trapp, Case No. 02-71710 (E.D. Mich).

Notably, the undersigned presided over case no. 02-71710 which went to trial, following remand from the Sixth Circuit, on plaintiff's claims under § 1983 against Harry Trapp, the supervisor, and Tom Phillips, the warden, that he was denied equal protection and was retaliated against for filing grievances by being removed from the legal writing program.[1] Plaintiff also alleged defendants actions were motivated by his

---

[1] Plaintiff also asserted conspiracy claims under 42 U.S.C. § 1985 and supervisor liability under 42 U.S.C. § 1986. The Sixth Circuit affirmed the dismissal of those claims.

2

race.  Plaintiff lost before the jury and the Sixth Circuit affirmed.  Plaintiff's claims in the instant case are strikingly similar to those presented in case no. 02-71710 except that plaintiff has named different defendants whose alleged roles were far removed from the defendants in case no. 02-71710.

B.

The MJRR accurately details plaintiff's allegations and claims against defendants.[2]  Briefly, plaintiff says that McGraw, a "white Librarian," retaliated against him because he filed a grievance against her by unlawfully conspiring to have him transferred to another facility and denying him the opportunity to work as a legal writer.  Plaintiff says that Sergent, a "white Coordinator," colluded with the other defendants by initiating the lawful transfer.  Plaintiff says that Corrigan, the assistant deputy warden, is a "white woman" and has supervisory authority over McGraw and Sergent.  He further says that Corrigan encouraged and participated in the unlawful conduct of the other defendants.  Finally, plaintiff says that Warren, a "white woman" and the warden, failed to protect plaintiff from the unlawful conduct of the other defendants, which had been brought to her attention by plaintiff.

III.

Objections to the MJRR are reviewed <u>de novo</u> in accordance with 28 U.S.C. § 636.  Plaintiff raises nine objections, each is addressed in turn.

In his first objection, labeled "standard of review," plaintiff objects to the magistrate judge's citation of case law, arguing that the magistrate judge made

---

[2]Defendant "Deputy Riley" has not been served or otherwise appeared in this action.

improper "credibility determinations." This objection lacks merit. The magistrate judge cited correct authority and plaintiff does not cite to any specific instances where the magistrate judge made improper credibility determinations.

In his second objection, labeled "retaliation," plaintiff says that the magistrate judge ignored direct evidence of McGraw's comments to plaintiff that his filing of grievances motivated defendants' conduct and ignored plaintiff's affidavit.

This objection is not well taken. The magistrate judge considered all of the evidence, including McGraw's alleged comments set forth in plaintiff's affidavit, and stated that they did not show a causal connection between plaintiff's grievances and the decision to transfer him, noting that McGraw was not the decision maker regarding the transfer.

In his third objection, labeled "conspiracy," plaintiff says he presented evidence of a conspiracy based on racial animus to transfer him to another facility. The Court disagrees. The magistrate judge correctly found that there was no causal connection for a conspiracy between McGraw and Corrigan regarding the legal writer program because that position was awarded to another inmate over a month before plaintiff was transferred. Moreover, plaintiff's evidence of a conspiracy does not even refer to race as a basis for the transfer. As to Sergent, there is no proof that he was involved in any conspiracy or "selected" plaintiff over 200 eligible prisoners; Sergent merely facilitates transfers and does not have the authority to create a transfer. Moreover, plaintiff's only evidence against Warren is her alleged knowledge that plaintiff was unhappy about not getting the legal writer position. This is not enough to establish a conspiracy.

In his fourth objection, labeled "transfer," plaintiff objects to the magistrate judge's

finding that a transfer to another facility is not an adverse employment action. This objection is also unfounded. The magistrate judge correctly cited and applied the law regarding retaliation and adverse actions.

In his fifth objection, labeled "42 U.S.C./Supervisory Claim," plaintiff focuses on Warren's failure to supervise her subordinates and correct their actions when plaintiff presented her with knowledge of the alleged conspiracy. The objection does not address the grounds on which the magistrate judge recommends this claim be dismissed which, as noted above, was based on insufficient evidence of Warren's knowledge of a conspiracy. Overall, plaintiff's evidence of a conspiracy is based on nothing more than mere conjecture. This objection fails.

In his sixth objection, labeled, "legal writers job," plaintiff presents a number of arguments which he says refutes the magistrate judge's conclusion that there is no causal connection between not obtaining the legal writer job and his transfer and citation to the law that there is no constitutional right to a particular prison job. This objection also fails.

In his seventh objection, labeled "racial animus," plaintiff objects to the magistrate judge's finding that any claim of racially motivated retaliatory action fails because plaintiff failed to mention in any of his five grievances that his claim was based on race. This objection is not well taken. The magistrate judge carefully detailed plaintiff's grievances, none of which mentioned race. Plaintiff's citation to statements in his complaint are not sufficient to show he properly exhausted such a claim.

Plaintiff's eights objection, labeled "prison litigation reform act," is duplicative of his sixth objection and requires no additional discussion.

5

Plaintiff's ninth objection, labeled "qualified immunity," asserts that the magistrate judge failed to consider this defense. This objection misses the mark. The magistrate judge concluded that plaintiff failed to present any evidence of a constitutional violation; therefore, consideration of whether defendants were entitled to qualified immunity was not warranted.

IV.

Overall, the Court has reviewed the MJRR and agrees with the magistrate judge. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 4, 2009

I hereby certify that a copy of the foregoing document was mailed to Allan White, 127009, Boyer Road Correctional Facility, 10274 Boyer Road , Carson City, MI 48811 the attorneys of record on this date, March 4, 2009, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160